**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH HIBBLER,<br><br>        Plaintiff - Appellant,<br><br>v.<br><br>JULIE REXWINKEL; et al.,<br><br>        Defendants - Appellees. | No. 13-16552<br><br>D.C. No. 3:11-cv-00067-LRH-VPC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 25, 2015**

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Former Nevada state prisoner Kenneth Hibbler appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

discovery rulings, *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion in partially denying Hibbler's motion for the Inspector General's report because Hibbler did not demonstrate "actual and substantial prejudice," where the record showed that this report did not exist. *Id.* at 751 (citation and internal quotation marks omitted) (explaining a district court's broad discretion to permit or deny discovery). Moreover, the district court ordered production of, and Rexwinkle produced, a copy of an incident report, which did exist.

The district court did not abuse its discretion in denying Hibbler's motion for a final discovery extension because Hibbler failed to demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth standard of review and "good cause" requirement to modify a scheduling order). Additionally, Hibbler failed to show what material facts would have been discovered that would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988) ("The burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment.").

We reject Hibbler's contentions regarding the district court's alleged bias

and prejudice.

We do not consider Hibbler's arguments relating to his deliberate indifference claim because Hibbler does not challenge the basis for the district court's dismissal of his deliberate indifference claim. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider Hibbler's arguments as to why he did not properly exhaust his retaliation claims because they were raised for the first time in his reply brief. *See id.* Moreover, Hibbler concedes that he did not file second level grievances.

We do not consider any arguments and allegations raised for the first time on appeal. *See id.*

Appellees' motion to strike, filed on July 30, 2015, is denied.

Hibbler's request, filed on August 10, 2015, is denied.

**AFFIRMED.**